UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL M. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-208** |
| **C.B.M. CATERING COMPANY, ET AL.** | **SECTION: "A" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Rule 12 Motions (R. Doc. 12)** filed by Defendant C. B. M. Catering Company ("C.B.M.") and Ms. Tee seeking dismissal of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The motion is unopposed.

The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Background**

On March 11, 2019, Plaintiff Darrell M. Smith, in jail on a parole violation, filed his *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against the defendants after suffering injury while working in the kitchen in Orleans Parish Prison. R. Doc. 3. Smith alleges that the time of his injury he was employed by C.B.M. Six days after he fell, he submitted a sick call request because he was in pain. He alleges that, on March 29, 2019, he was removed from he kitchen and saw the doctor on April 2, 2019 and was given a pain pill. He later was seen by the doctor on April 15, 2019. He seeks compensation from the Defendants for his pain and suffering. Smith

filed this action against the C.B.M. Catering Company; Ms. Tee, the manager of the C.B.M. who supervises the inmates; the Orleans Parish Prison; and Sheriff Marlin Gusman.

## II. *Spears* Hearing

On April 17, 2020, the Court held a *Spears* hearing. Smith, after being sworn in, testified that, on the day of the incident, he was assigned to the kitchen as a kitchen floor runner and helper for C.B.M., a catering company that had a contract with the sheriff. Smith testified that he was employed with C.B.M and that his job required him to take food out of a pot, place it in a pan, and place the food in a hot box to keep it warm. He testified that, in the course of doing his job, he noticed something coming from the hot box. He testified that when he was returning from placing something from another kettle that he slipped and injured his neck, back, and head.

Smith testified that Deputy Grissom and Ms. Tee were both near him when he fell. He stated that Ms. Tee witnessed the water coming from the other kettle, picked him up, and placed him in a chair. She then completed an incident report and sent him to the medical unit. Smith recalled that he was provided Ibuprofen, which he continues to take for pain. He complained that his head still periodically hurts. He complained that he suffered with back pain for three months.

Smith confirmed that he named Ms. Tee as a defendant solely because was the supervisor in "charge of the company". He also sued C.B.M. Catering because it was the company that he worked for and who responsible for the catering services at the jail. Smith seeks compensation for his pain and suffering.

## III. Standard of Review

### A. Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

B. **Rule 12(b)(1) and 12(b)6)**

Under Rule 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike

the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*.

Furthermore, in *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), the Fifth Circuit explained that before dismissing the complaint of a *pro se* prisoner, "[a]n opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Id.*, 529 F.2d at 713-14. Because of this, before dismissing a prisoner complaint, a district court ordinarily should give the *pro se* litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

## IV. Analysis

### A. Sheriff Marlin Gusman

Under the broadest reading of his complaint afforded to *pro se* litigants, Plaintiff's allegations against defendant, Sheriff Marlin Gusman, lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted. It is well-established that a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir.1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).

A state actor may be liable under § 1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.,* 611 F.2d 120 (5th Cir.1980).

In this case, Plaintiff makes no allegation that against the Sheriff Gusman. He simply names Gusman in the complaint. Presumably he sued Gusman because he is Sheriff of Orleans Parish Sherriff Office. There is no allegation that the Sheriff was personally involved in or had any knowledge that there was a problem in the kitchen. The claims against Sheriff Gusman are, therefore, frivolous and should be dismissed for failure to state a claim for which relief may be granted.

### B. Orleans Parish Prison

Smith also sued the Orleans Justice Center improperly identified as the Orleans Parish Prison (hereinafter referred to as "OJC"). Again, he does not set forth any allegations against the prison. Notwithstanding, the prison itself is not a proper defendant, and the claims against it must be dismissed as frivolous.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989). Under federal law, a county or parish prison facility simply is not recognized as a "person" within the meaning of the statute. *Douglas v. Gusman*, 567 F. Supp.2d 877, 892 (E.D. La. 2008) (Order adopting Report and Recommendation) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973)); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Fed. R. Civ. P. 17(b). An entity's capacity to be sued is determined by

reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Although the Louisiana courts have not ruled on the issue of whether a parish jail is a suable entity, this Court must look to Louisiana law to determine if a jail can itself be sued.

To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, jail facilities are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff. *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). This Court also has held that "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp.2d at 892. In other words, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug. 10, 2015).

For these reasons, the Orleans Parish Prison is not a person or suable entity to be held liable under § 1983. The claims against the Orleans Parish Prison are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

C. **C.B.M. and Ms. Tee**

Smith filed suit against C.B.M. and Ms. Tee because he was a prisoner working in the kitchen as an "employee of C.B.M." at the time he injured himself. He alleges that he sued Mrs. Tee because she was his supervisor on behalf of the company.

Under § 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 & n. 1 (1989). To state a claim under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal quotation marks omitted).

In keeping with this rule, neither a private company nor a private individual are generally considered to act under color of law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir.2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors...."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, text in Westlaw) (same). In this case, the defendants, the C.B.M. and Mrs. Tee, are private actors not subject to suit under § 1983 for the personal injury of Smith. Smith does not allege that neither C.B.M. and Ms. Tee acted with deliberate indifference to his work environment, safety, or medical needs after the incident. The Court, therefore, finds that Smith has failed to state a claim for which relief may be granted and his claims against C.B.M. and Ms. Tee should be dismissed for those reasons.

## V.     Conclusion

Accordingly,

**IT IS RECOMMENDED** that Darrell M. Smith's § 1983 claims against the defendants, C.B.M. Catering Company, Orleans Parish Prison, Sheriff Marlin Gusman, and Ms. Tee, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that the Defendants C.B.M.'s and Ms. Tee's **Rule 12 Motions (R. Doc. 12)** be **DISMISSED** as **MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Assn*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this  5th  day of August 2020.

KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.